## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: INNOVATUS CAPITAL PARTNERS, LLC'S RULE 45 SUBPOENA TO 777 PARTNERS, LLC | MISC. ACTION NO. _____ |

### INNOVATUS CAPITAL PARTNERS, LLC'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO SUBPOENA TO 777 PARTNERS, LLC

Innovatus Capital Partners, LLC ("Innovatus") hereby moves this Court to compel documents responsive to its Rule 45 Subpoena to Produce Documents (the "Subpoena") issued to 777 Partners, LLC ("777") in connection with a lawsuit pending in the United States District Court for the Southern District of New York captioned *Innovatus Capital Partners, LLC v. Jonathan Neuman et al.*, Civil Action No. 1:18-cv-4252-LLS (together with a related lawsuit captioned *MV Realty PBC, LLC v. Innovatus Capital Partners, LLC*, Civil Action No. 1:18-7142-LLS, the "Litigation"), for the reasons set forth below in the incorporated Memorandum of Law.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

### PRELIMINARY STATEMENT

Innovatus brings this motion to enforce its Subpoena to 777, a South Florida investment firm, to obtain critical evidence for the Litigation.  In the underlying Litigation, Innovatus alleges that Jonathan Neuman, Antony Mitchell, Ritz Advisors, LLC, Greg Williams, Daryl Clark, and Amanda Zachman (the "MV Defendants")—all connected to a Florida real estate brokerage firm named MV Realty PBC, LLC ("MV Realty," and together with the other Defendants, the "MV Defendants")—engaged in a brazen scheme to steal Innovatus' confidential business methods, solutions, and know-how in violation of Non-Disclosure Agreements ("NDAs") they signed with Innovatus.  Those NDAs specifically prohibited the MV Defendants from disclosing confidential

information received from Innovatus to third parties, using Innovatus' confidential information for any purpose other than the parties' proposed joint venture, or pursuing Innovatus' valuable business solutions and methods without Innovatus.

Discovery has uncovered smoking-gun evidence of the MV Defendants' misconduct that shines a spotlight on 777.  Recently produced documents show that while the MV Defendants continued to siphon confidential information from Innovatus under the guise of finalizing a joint venture, ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████, the MV Defendants ditched Innovatus, and, in flagrant breach of their NDAs, stole its business methods, solutions, and know-how to launch the business with ████████████████.

Given these revelations, 777's documents ████████████████████████— including its due diligence files, investment memos, valuation models, internal communications, and meeting and call notes—are undeniably vital to the case.  These documents are highly relevant to numerous issues at the heart of Innovatus' claims, including (1) the genesis, timeline, and reasons for the MV Defendants' ██████████████████; (2) the specific information the MV Defendants ██████████ in violation of their confidentiality obligations; (3) the business methods, solutions, and know-how that the MV Defendants stole from Innovatus for their own financial gain; and (4) the dollar values that the MV Defendants and 777 placed on those business methods, solutions, and know-how ██████████████████ and as the business has grown.

But instead of producing this critical evidence, which is uniquely in 777's possession, 777 has chosen to evade and delay responding to the Subpoena.  Innovatus served 777 with the

Subpoena on August 23, 2021, and set a return date of September 10, 2021.  Yet, more than seven

weeks after receiving the Subpoena and despite repeated follow up, 777 still has not produced a

single document to Innovatus.  As shown below, the Subpoena requests are easily within the broad

bounds of permissible discovery, and 777 has in any event waived any objections by failing to

raise them within the time allowed by Rule 45.  Accordingly, the Court should order 777 to comply

fully with the Subpoena and produce all responsive documents without further delay.

**FACTUAL BACKGROUND**[1]

**I.      The MV Defendants Sign NDAs with Innovatus To Gain Access Innovatus' Valuable Business Methods, Solutions, and Know-How**

In August 2017, Innovatus, an independent advisor and portfolio management firm

headquartered in New York, approached Defendants Neuman and Mitchell, who operated and

controlled MV Realty, regarding an opportunity to partner with Innovatus on an innovative

business employing right to list ("RTL") real estate contracts.  The RTL concept involves a

homeowner agreeing to give a real estate brokerage firm the right to list a home for sale in the

future, if and when the homeowner chooses to sell, in exchange for an upfront cash payment.

When Innovatus approached Neuman and Mitchell, the idea of RTLs was not even on their radar,

and they had no independent efforts underway to develop or pursue this type of business.

To protect its proprietary business vision, ideas, and work, Innovatus insisted that Neuman

and Mitchell, and a related entity Ritz Advisors, sign NDAs before gaining access to any

information.  All three signed NDAs with Innovatus on August 24, 2017.  Among other things,

these NDAs tightly restricted access to confidential information, whether then existing or created

thereafter, and prohibited Defendants from using any confidential information except in

---

[1] For a fuller recitation of the facts, please refer to the Complaint, attached as Ex. A.

3

furtherance of their business relationship with Innovatus.  The NDAs also specifically prohibited Defendants from pursing Innovatus' business solutions and methods without Innovatus.

Following this initial round of NDAs, the remaining Defendants signed NDAs containing similar confidentiality and non-circumvention provisions.  Greg Williams, a licensed MV Realty sales associate, and Amanda Zachman, a licensed MV Realty broker, signed their NDAs on October 20, 2017.  And, on January 22, 2018, Daryl Clark, MV Realty's CFO, also signed an NDA.  In total, the MV Defendants signed six separate NDAs with Innovatus over the span of six months.  In reliance on the promises contained in the NDAs, between late August 2017 and April 2018, Innovatus gave the MV Defendants direct access to its valuable confidential information and taught them the ins-and-outs of their innovative new business capitalizing on the RTL concept.

## II.     MV Realty ███████████████████ and Then Betrays Innovatus[2]

But after eight months of tapping Innovatus' confidential information, in late April 2018, the MV Defendants blindsided Innovatus with news that they were ditching the joint venture and going to launch on their own using Innovatus' methods.  While the impetus behind the MV Defendants' surprising split from Innovatus was originally unknown, discovery has started to fill in the missing pieces.  On the eve of the court-ordered document production deadline in the Litigation, the MV Defendants produced documents showing that—*before* the April breakup— they were ████████████████████████████████████████████████

Indeed, by March 23, 2018, Defendant Mitchell had already sent ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████         *See* Ex.

---

[2] The facts in this section are not contained in the Complaint, as Innovatus only became aware of them through discovery.

B, MVR-011-000061785-89]. ███████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ *Id.* at MVR-011-000061786. ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████

A few days later, ████████████████████████████████████████

█████████████ *See* Ex. C, MVR-011-000060713-18. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████ *Id.* at MVR-011-000060714. ██████████████

████████████████████████████████████████████████████████

████████ *Id.* at MVR-011-000060715. ████████████████████████

█████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████. Ex. D, MVR-011-000061918-97. ████████████████

████████████████████████████████████████████████████████

████████ Ex. E, MVR-011-00006044-47. ██████████████████████

████████████████████████████████████████████████████████



*Id.* Incredibly, despite these specific contemporaneous references to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ the MV Defendants now deny one ever existed.

On the same day, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮. Ex. F, MVR-011-000061671-72. ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* Less than two weeks later, Mitchell and Neuman dropped the bombshell on Innovatus that they were scrapping the joint venture and launching on their own. Shortly thereafter, Innovatus filed suit against the MV Defendants. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

However, in or about May 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is controlled by Mitchell and Neuman.

## III.  Overview of the Litigation

Innovatus filed suit against the MV Defendants, on May 11, 2018, for anticipatory breach of the NDAs, breach of contract, and injunctive relief. The MV Defendants filed an answer and counterclaim seeking declaratory relief, as well as a separate action seeking the same relief. The cases are pending before Judge Louis Stanton in the Southern District of New York.

On December 23, 2020, five months *before* the MV Defendants belatedly produced the smoking-gun evidence regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Judge Stanton entered an order granting in part and denying in part the MV Defendants' motion for summary judgment. Judge Stanton dismissed Innovatus' claim for injunctive relief but ruled that "if Innovatus' considerable

work, effort, research and thought during the period the parties were working together enhanced the results of MV's RTL business, it should be evaluated and, if useful, compensated." Ex. G, 12/23/20 Order at 2. Judge Stanton also held that "[Innovatus'] entitlement to recompense for its contributions, to the extent that they have benefitted the enterprise, is still to be evaluated." *Id.*

Judge Stanton issued another order on February 11, 2021, further clarifying the scope of discovery and the parties' claims and explaining that "[t]he underlying principle [of the case as it now stands] is that of unjust enrichment." Ex. H, 2/11/21 Order at 1. Judge Stanton continued:

> The extent to which Innovatus is entitled to compensation from MV, under any theory of recovery, will depend on Innovatus' ability to establish the usefulness and value of its work, effort, research and thought during the period the parties worked together. That determination requires, as a start, understanding what methods both parties have used, and are using, based on the materials generated by Innovatus' efforts. It is that material whose value is to be ultimately appraised.
>
> Accordingly, each party must reveal the degree, if any, it has used that material, and whether it is still doing so. That will furnish a pragmatic basis on which the value, experiences, utility and profitability of that method can be discussed and judged.

*Id.* at 2. These orders make clear that a key focus of discovery is the extent to which the MV Defendants used and financially profited from Innovatus' efforts and its confidential information.

## IV.   777 Evades Responding to the Subpoena

Given the late-breaking revelations about 

███████████ on August 23, 2021, Innovatus served 777 with the Subpoena. *See* Ex I, Subpoena and Proof of Service. The Subpoena seeks highly relevant documents ███████████ ███████████████, including due diligence files, investment memos, valuation models, deal documents, communications regarding Innovatus or the Litigation, and periodic updates and reporting regarding the business. It also requests documents related to 777's own efforts to secure capital and financing for MV Realty. The Subpoena set a return date of September 10, 2021.

On September 7, 2021, the deadline for raising any objections to the Subpoena under Federal Rule of Civil Procedure 45, 777's counsel contacted Innovatus' counsel requesting an extension of time to respond. *See* Ex. J at 5, 9/7/21 Email. Innovatus' counsel informed 777 that Innovatus would be willing to discuss an extension if 777 would be locating and producing documents responsive to Innovatus' Subpoena, but Innovatus would not agree to an extension if 777 was going to simply object to the Subpoena. *See* Ex. K, Declaration of Michael McGinley. 777 did not serve any written objections later that day.

The following week, Innovatus' counsel followed up with 777 about the status of the Subpoena response, and 777's counsel stated that she still had not spoken to the businesspeople at 777 about the Subpoena. *See* Ex. K. Innovatus' counsel followed up again on September 22, 2021, arranging a call with 777 for the next day. *See* Ex. J at 5, 9/22/21 Email. On the September 23 call, 777's counsel indicated that 777 maintains an MV Realty investment file and agreed to review that file for responsive documents. *See* Ex. K. The parties further agreed that Innovatus' counsel would provide proposed search terms to assist 777 in identifying potentially responsive electronic documents. *See* Ex. K. Innovatus' counsel provided a proposed set of search terms the next day. *See* Ex. J at 3-4, 9/24/21 Email.

When Innovatus' counsel checked in early the next week, 777 conceded that it had not even started to run the search terms, and argued that "almost all of [the Subpoena] request[s] are for documents that you should be able to get from the Defendants." *See* Ex. J at 2, 9/28/21 Email. But that is plainly untrue. For example, 777 is the only source for its internal due diligence and deal files. Likewise, 777's internal communications related to MV Realty are uniquely within its possession.

On October 7, 2021, Innovatus again contacted 777 about the status of the Subpoena response.   Given that 777 had allowed nearly seven weeks to pass without producing any documents, and with the deadline under Local Rule 26.1(g) for filing a motion to compel rapidly approaching, Innovatus wrote:  "By close of business tomorrow, please confirm that (1) by 5pm next Tuesday (October 12), 777 will be producing responsive documents from its internal file on the MV Realty investment, which you said that you would review two weeks ago, and (2) by 5pm next Friday (October 15) 777 will produce responsive communications and any other responsive electronic documents."  *See* Ex. J at 2, 10/7/21 Email.  A little over an hour later, 777 sent an email claiming that the search terms returned a large volume of documents that would be burdensome to review.  *See* Ex. L, 10/7/21 Email.  However, 777 proposed no alternative search terms or plan for responding to the Subpoena and refused to commit to any timeline for producing its investment file and completing a full production.  To date, after more than seven weeks, 777 has still not produced a single document.[3]

## ARGUMENT

The Court should enforce the Subpoena and compel 777 to produce immediately all responsive documents because (1) 777 has waived any objections to the Subpoena by failing to raise them within the time allowed by Rule 45, and (2) the Subpoena requests are in any event narrowly tailored to obtain highly relevant documents that go to the heart of Innovatus' claims.

### I.        777 Has Waived Any Objections to the Subpoena

Under Federal Rule of Civil Procedure 45, objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P.

---

[3] At the earliest, 777 has been out of compliance with the Subpoena since the initial response date on September 10, 2021.  Innovatus' filing of this motion is within the time period required by Local Rule 26.1(g)(1) (30 days, plus Sunday, plus legal holiday).

45(d)(2)(B).  "[F]ailure to serve any objections in the time provided constitutes a waiver of any objections."  *Whatley v. World Fuel Servs. Corp.*, No. 20-20993, 2020 WL 2616209, *3 (S.D. Fla. May 22, 2020).  Here, the deadline for objecting to the Subpoena was September 7, 2021.[4] However, as discussed above, 777 failed to serve any objections by the deadline.  On that ground alone, the Court should grant Innovatus' motion.  *See Whatley*, 2020 WL 2616209, at *3 (granting motion to compel where nonparty failed to object within time required by Rule 45); *Madeline L.L.C. v. Street*, No. 09-80705-MC, 2009 WL 1563526, at *1 (S.D. Fla. June 3, 2009) (same).

Moreover, 777's generalized claims of undue burden, coming weeks after the objection deadline, are unavailing.  Even if the Court were to construe this as an actual objection, it would be untimely and waived.  *See Lozman v. City of Riviera Beach*, No. 08-80134, 2014 WL 12360677, at *1-2 (S.D. Fla. May 22, 2014) (granting motion to compel and holding that objections made nearly a month after subpoena was served were waived).  In any event, the "law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all . . . ."  *Rivera v. 2K Clevelander, LLC*, No. 16-21437-CIV, 2017 WL 5496158, at *4 (S.D. Fla. Feb. 22, 2017).  Instead, a party "must explain the specific and particular ways" in which each request is unduly burdensome.  *Guzman*, 249 F.R.D. at 400.  777 has never even attempted to make such a showing and thus has waived any burden objection.  *See Rivera*, 2017 WL 5496158, at *4 (overruling boilerplate burden objection and granting motion to compel).[5]

---

[4] The Subpoena was hand-served on August 23, 2021. The 14-day period set forth in Rule 45 expired on September 6, 2021, which was a legal holiday.  Accordingly, the objection deadline was extended until September 7.

[5] 777 has raised concerns regarding the volume of documents that hit on the proposed search terms, but Innovatus provided those search terms purely as a courtesy to assist 777 in locating potentially responsive documents.  Ex. J.  The search terms obviously do not supersede the Subpoena requests themselves, and Innovatus is not insisting that 777 use them.

## II.      The Subpoena Requests Are Highly Relevant and Appropriately Tailored

Even if 777 had not waived any objections, the Subpoena requests are well within the bounds of permissible discovery.  Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result."  *Rivera*, 2017 WL 5496158, at *1 (quoting *State Nat'l Ins. Co. v. City of Destin*, No. 3:15-cv-31, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015)).  Courts apply "a liberal and broad scope of discovery," *Id.* at *1, and "strongly favor full discovery whenever possible."  *Id.* (quoting *Farnsworth v. Proctor & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985)).  Moreover, the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.  *Whatley*, 2020 WL 2616209, at *2.

Here, the documents requested go to the core of the case.  Among other things, they will reveal (1) the conduct by which the MV Defendants breached their NDA obligations, (2) the specific information they ████████████████████; (3) the specific business methods that they stole from Innovatus and have used in the business; and (4) the dollar value that the MV Defendants and 777 placed on the business at the early stage, when any such value indisputably flowed from Innovatus' work product, and throughout the time that ████████████████████.  Such documents fit easily within the scope of Judge Stanton's prior orders directing discovery concerning "what methods [MV Realty has] used, and [is] using, based on the materials generated by Innovatus' efforts" and the extent to which MV Realty has been "unjustly enrich[ed]" by using those methods.  Ex. H.  Moreover, the Subpoena principally targets documents that are unique to 777.

For all of these reasons, and as detailed below, the Court should compel 777 to produce all of the documents requested.

**REQUEST No. 1:   All documents relating to any actual, contemplated, or proposed transaction between or among JN-TM Co, LLC, any of the MV Realty Parties, and/or any of their Affiliates, on the one hand, and You or any of Your Affiliates, on the other hand, related in whole or in part to RTL Transactions or the RTL Business, including but not limited to any joint venture, investment, financing, or other transactions and all related communications.**

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel:  ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████.  Among other things, documents responsive to this request will shed light on the acts constituting the breaches of the NDAs, fill out the timeline of the MV Defendants' ████████████████████████ (including when and how those discussions began and what transpired at meetings and on phone calls), reveal what confidential information the MV Defendants ████████████████████, and indicate the value that the MV Defendants and 777 placed on the core business that the MV Defendants stole from Innovatus.  Likewise, 777's internal files summarizing and assessing the investment opportunity will provide important insights into the nature and profitability of the methods in use, including how 777 gauged the value of those methods.  *See* Ex. H, at 1-2 (defining the scope of discovery to include the "value" and "profitability" of the parties' RTL businesses based on the methods provided by Innovatus).

**REQUEST No. 2:  All non-disclosure agreements between You or any of Your Affiliates, on the one hand, and JN-TM Co, LLC, any of the MV Realty Parties, or any of their Affiliates, on the other hand, and all communications relating to such agreements.**

12

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel:   Non-disclosure agreements between the MV Defendants or their affiliates and 777, as well as any related communications, will show the extent to which the MV Defendants believed the information and methods they misappropriated from Innovatus and continued to use for their own benefit were confidential and worthy of protection.   The existence of such agreements would also belie the MV Defendants' arguments that Innovatus' methods were not valuable or did not constitute confidential information because they were supposedly already in the public domain.  *See* Ex. H, at 2.

**REQUEST No. 3:   All agreements and related transaction documents pursuant to which You (i) purchased or otherwise acquired any interest in MV Realty, the RTL Business, and/or any Affiliated business; (ii) provided financing to MV Realty, the RTL Business, and/or any Affiliated business; or (iii) sold or otherwise disposed of any interest in MV Realty, the RTL Business, and/or any Affiliated business.**

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel:   The agreements and related transaction documents from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ will show the value that the MV Defendants and 777 ascribed to the business over time, which is relevant to the determination regarding to what extent the MV Defendants were unjustly enriched when they misappropriated Innovatus' confidential methods.  *See* Ex. H, at 1.  Moreover, the agreements likely contain other highly relevant terms beyond price, such as representations and warranties regarding the business and its financial condition, confidentiality provisions, and non-circumvention provisions.   Any such terms would bear on the nature and profitability of the business and the methods in use, as well the need to protect against unauthorized use of confidential information or attempts to by one

13

party to circumvent the other.  Finally, such documents would shed light on the circumstances

███████████████████████████████████████████████████████

███████████████████████████

**REQUEST No. 4:  All documents relating to the valuation of MV Realty, the RTL Business, and/or any Affiliated business, or Your investment in MV Realty, the RTL Business, and/or any Affiliated business, including but not limited to (i) any valuation materials provided by or on behalf of the MV Realty Parties; (ii) any representations regarding valuation made by or on behalf of the MV Realty Parties; (iii) any internal valuation materials, including but not limited to valuation materials prepared by or for You in connection with Your acquisition of any interest in MV Realty, the RTL Business, and/or any Affiliated business, any financing arrangement with MV Realty, the RTL Business, and/or any Affiliated business, the sale or disposition of any interest in MV Realty, the RTL Business, and/or any Affiliated business, or the periodic valuation of Your investment in MV Realty, the RTL Business, and/or any Affiliated business including for fund accounting purposes; and (iv) any communications with Your investors relating to the valuation of Your investments in MV Realty, the RTL Business, and/or any Affiliated business.**

<u>777's Objections</u>: None received.

<u>Grounds Assigned for 777's Objections</u>: None.

<u>Reasons Assigned as Supporting the Motion to Compel</u>:  Similar to Requests 1 and 3 above,

documents related to valuations that 777 received, performed, or arranged to be performed

regarding MV Realty will be critical in understanding the value 777 ascribed to MV Realty's

business over time, as MV Realty continued to use the confidential methods it stole from

Innovatus.  *See* Ex. H, at 1-2.  This is critical contemporaneous evidence of real world values

placed on the business, and thus goes directly to the issue of damages and the extent to which the

MV Defendants have been unjustly enriched by their illegal scheme.

**REQUEST No. 5:  All documents relating to due diligence You or Your advisors performed regarding the RTL Business in connection with any actual, contemplated, or proposed transaction related to MV Realty, the RTL Business, and/or any Affiliated business, including not limited to all documents shared with you by any of the MV Realty Parties as part of a data room or any other file sharing mechanism.**

<u>777's Objections</u>: None received.

<u>Grounds Assigned for 777's Objections</u>: None.

Reasons Assigned as Supporting the Motion to Compel:  Investors perform due diligence to investigate and verify information about a business in which they are considering investing. Accordingly, 777's due diligence files will contain extensive and highly detailed information about the nature and profitability of the business, including the methods in use.  These materials will also memorialize key representations that the MV Defendants made to 777 or its advisors about the business, including potential representations regarding the intellectual property and the MV Defendants' relationship with Innovatus.  The due diligence files will also help Innovatus to identify confidential information the MV Defendants ████████████████████ in violation of their NDAs, including the specific contents of any ████████████████████████ ██████████████████████████████.  Finally, 777 undoubtedly conducted due diligence aimed at valuing the business, which will be relevant to determining damages.

**REQUEST No. 6:  All documents prepared for Your board of managers, investment committee, or similar governing body relating to MV Realty, the RTL business, and/or any Affiliated business including but not limited to any investment memoranda or analyses provided in connection with seeking approval to acquire or dispose of any interest in, or provide financing to, MV Realty, the RTL Business, and/or any Affiliated business.**

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel:  Before investing in a new business, it is common for private equity firms to prepare detailed investment memoranda outlining the investment opportunity, the nature of the business, the results of due diligence, the potential benefits and risks of investing, and valuation considerations.  Such memos are typically sent to the private equity firm's investment committee (or other governing body) to obtain authorization for the investment.  777's internal investment memoranda and any related analyses are thus highly critical documents because they will summarize and distill the nature of the business, including the methods in use, and analyze key valuation considerations, including

projected financial performance and potential investment returns.   Similarly, any internal

investment memoranda or analyses prepared ████████████████████████████████████

████████████████████████████████████████████ and provide additional real-

world data concerning the value of the business that the MV Defendants stole from Innovatus.

**REQUEST No. 7:  All documents relating to (i) Innovatus; (ii) David Schiff; (iii) AMWCo (TX), LLC d/b/a Redibs; or (iv) the above-captioned lawsuits.**

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel:  Again, discovery has revealed

that the ██████████████████████████████████ before ending their relationship with

Innovatus.  Accordingly, Innovatus is entitled to know what, if anything, 777 knew or was told

about Innovatus (or its founder, David Schiff) before the breakup, including whether 777 had

knowledge of the existence of the NDAs or the nature of the MV Defendants' relationship with

Innovatus.  Among other things, such documents could shed light on the MV Defendants' decision

and motives to abandon Innovatus, including whether 777 supported or otherwise participated in

that decision.  Likewise, any non-privileged documents concerning the Litigation, including the

factual basis for the claims or the nature of the risks, are obviously a relevant subject for discovery.

**REQUEST No. 8:  All documents relating to any business updates or periodic reporting that You have received from the MV Realty Parties regarding the RTL Business.**

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel:  Documents showing MV Realty's

business updates and periodic reporting will aid in understanding (1) the nature of the business

over time, including the extent to which it continued to use methods derived from Innovatus' work;

(2) the extent to which the MV Defendants continued to ████████████████████ to 777

in violation of their NDAs; and (3) the profitability and value of the business over time.

**REQUEST No. 9:** **All documents relating to efforts to raise capital or financing for MV Realty, the RTL Business, and/or any Affiliated business.**

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel: Discovery has revealed that

████████████████████████████████████████████████

████████████████████████████████████ To the extent that 777 had outreach with

potential third-party investors and financing sources, those communications would have almost

certainly included information about the nature, profitability, and value of the business. Again,

this valuation and methods information is directly relevant to the extent to which the MV

Defendants have been unjustly enriched by misappropriating Innovatus' "work, effort, research,

and thought during the period the parties worked together." *See* Ex. H, at 1.

**REQUEST No. 10:** **All documents relating to any efforts to analyze the existing or potential market for RTL Transactions, including but not limited to any documents related to any competitive advantage that MV Realty may have and any documents related to the value of being the first entrant, or one of the first entrants, into the market for RTL Transactions, whether generally or with respect to specific geographic markets.**

777's Objections: None received.

Grounds Assigned for 777's Objections: None.

Reasons Assigned as Supporting the Motion to Compel: Documents analyzing the market

for RTL transactions and the value of being the first entrant relate directly to the methods Innovatus

shared with the MV Defendants in confidence, pursuant to the terms of the NDAs, as well as to

the value of those methods. In addition, the requested documents may help to resolve an ongoing

factual dispute regarding whether or not the Innovatus–MV Realty venture was an inherently

valuable "first entrant" or "first mover" in the South Florida or other geographic markets. This

17

particular issue arose during the parties' summary judgment briefing in the fall of 2020 and any indication from 777 that it or MV Realty considered the impact of being a "first entrant" to the market would bolster Innovatus' argument that the MV Defendants knowingly concealed factual material from Innovatus and the court that bore directly on the summary judgment issue.

## CONCLUSION

Discovery has revealed that 777 is a critical player in the Litigation, and the Subpoena requests are highly relevant to Innovatus' claims.  Yet, despite failing to raise any timely objections, 777 is improperly refusing to produce its documents.  For the reasons above, this Court should enter an order declaring that 777 has waived any objections to the Subpoena and compelling 777 to produce all responsive documents to Innovatus without further delay.

\*     \*     \*     \*

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*/s/ Michael H. McGinley*
Michael H. McGinley

Respectfully submitted,

BRINKLEY MORGAN
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, Florida  33394
Telephone:  954-522-2200
Facsimile:  954-522-9123

By: */s/ Mark A. Levy*
   MARK A. LEVY
   Florida Bar No. 121320
   mark.levy@brinkleymorgan.com

DECHERT LLP
Steven B. Feirson (*pro hac vice anticipated*)
Michael H. McGinley (*pro hac vice anticipated*)
Stuart T. Steinberg (*pro hac vice anticipated*)
2929 Arch St.
Philadelphia, PA 19104
Telephone: 215-994-4000
Facsimile: 215-994-2222
steven.feirson@dechert.com
michael.mcginley@dechert.com
stuart.steinberg@dechert.com


**ATTORNEYS FOR PLAINTIFF**
**INNOVATUS CAPITAL PARTNERS, LLC**